AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)     ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT

**3/17/2025**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MMC _____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT

**3/17/2025**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ tsn _____ DEPUTY

United States of America

v.

EUSEBIO ALEJANDRO AVILA,

Defendant.

Case No.  2:25-MJ-01509-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, Josef Singer, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date of February 5, 2025, in Ventura County, in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____/s/_____
*Complainant's signature*

Josef Singer, Deportation Officer – DHS-ICE
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:  **March 17, 2025**

_____
*Judge's signature*

City and state:  Los Angeles, California

Hon. Stephanie Christensen, U.S. Magistrate Judge
*Printed name and title*

AUSA:   Matt Coe-Odess (x8957)

## AFFIDAVIT

I, Josef L. Singer, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a criminal complaint and arrest warrant against Eusebio Alejandro Avila ("AVILA" or "defendant"), charging him with violating Title 8, United States Code, Sections 1326(a).

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER JOSEF L. SINGER

3.    I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since April 2018.  I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. STATEMENT OF PROBABLE CAUSE

4.    On or about February 5, 2025, the ICE Pacific Enforcement Response Center ("PERC") received an electronic

notification based on biometric fingerprint information that AVILA was arrested and in the custody Ventura County Sheriff Department.  On or about that day, the PERC lodged a DHS Immigration Detainer.

5.    Based on my training and experience, I know that when an individual is fingerprinted by ICE, or the former INS, the individual is issued a Fingerprint Identification Number ("FIN").  The FIN is then automatically associated with the individual's A-Number.  In this case, AVILA's fingerprints were assigned the FIN number 1064129797, which was then linked to A-Number 208-188-429.

6.    On or about March 12, 2025, I reviewed the Immigration Alien Query ("IAQ") electronic notification associated with AVILA's February 5, 2025, arrest, and verified that the FIN associated with the IAQ was FIN 1064129797.  I confirmed that that the individual arrested on February 5, 2025, was AVILA, a previously deported alien.

7.    Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

8.    On or about February 27, 2025, I reviewed an electronic copy DHS A-File A208-188-429, which is maintained for

2

the subject alien "AVILA."  The DHS A-File contained the following documents and information:

a.    Five executed Warrants of Removal/Deportation (Form I-205) indicating that defendant was officially removed from the United States on or about March 14, 2017, December 16, 2016, March 24, 2016, March 12, 2016, and November 29, 2015.  I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.  The executed Warrant of Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

b.    One executed Notice to Alien Ordered Removed/Departure Verification (Form I-296) indicating that the defendant was officially removed from the United States on or about July 2, 2015.  I know from my training and experience that a Notice to Alien Ordered Removed/Departure Verification is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and Customs and Border Protection.  This form usually contains the subject's photograph, signature, and fingerprint.  The executed Departure Verification in defendant's DHS A-File contained his photograph, signature, and fingerprint.

c.    A conviction record showing that AVILA was convicted on or about January 3, 2017, of Improper Entry by Alien, under the name "EUSEBIO ALEJANDRO AVILA," in violation of

3

Title 8 U.S.C. 1325(a)(1), in the United States District Court, District of Arizona, Case number 17-20032M, for which AVILA was sentenced to a total term of 60 days.

      d.    Various documents, in addition to the Warrants of Removal/Deportation, indicating that defendant is a native and citizen of Mexico.  These documents include: (i) one Factual Basis for Plea, dated and signed by AVILA on January 3, 2017, stating he was a citizen of Mexico who was found in the United States illegally.

    9.   On or about March 12, 2025, I reviewed the printouts of the Criminal Identification Index ("CII").  Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number.  The CII printouts confirmed that defendant had been convicted of the crimes reflected on the documents contained in defendant's DHS A-File.

    10.  On or about March 12, 2025, I reviewed the printouts of ICE computer indices on defendant.  Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States.  The ICE computer indices confirmed that AVILA had been removed, deported, and/or excluded on the dates indicated on the Warrants of Removal/Deportation, found in AVILA's DHS A-File. The ICE computer indices further indicated that AVILA had not applied for, or obtained from the Attorney General or the

Secretary of Homeland Security, permission to re-enter the United States.

11.  Based on my review of AVILA's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

### IV. CONCLUSION

12.  For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Sections 1326(a), Illegal Alien Found in the United States Following Deportation.


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 17th day of
March 2025.

_____
HONORABLE STEPHANIE CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE